IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:14-CV-00056

| RECYCLING EQUIPMENT, INC., | ) | |
|---|---|---|
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| E RECYCLING SYSTEMS, LLC, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

Before the Court is Defendant E Recycling Systems, LLC's Motion to Dismiss First Amended Complaint and Memorandum in Support, (Docs. 14-15), to which Plaintiff Recycling Equipment, Inc. has filed a Memorandum in Opposition, (Doc. 16). Defendant E Recycling Systems, LLC has filed a reply to Plaintiff Recycling Equipment, Inc.'s Memorandum in Opposition.

## FACTUAL BACKGROUND

For the purposes of this motion, Defendant E Recycling Systems ("ERS") accepts as true all facts pled in the amended complaint. (Doc. 15, at 2). ERS also attached as exhibits two Purchase Contracts entered into between ZLOOP, LLC ("ZLOOP") and ERS as well as a December 30, 2013 letter ("the December Letter") signed and returned by Plaintiff Recycling Equipment, Inc. ("REI"). The Court will consider these documents without converting the motion to summary judgment.[1]

---

[1] ERS desires the Court to consider these documents under 12(b)(6) without converting the motion to summary judgment. Under 12(b)(6), a court "may consider documents . . . attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006) (even though a document is not attached to the complaint, a court can consider it under 12(b)(6) because "(1) it was attached to . . . motion to dismiss, and is clearly integral to, and was relied upon in, [the] complaint; and (2) [non-movant] does not dispute its authenticity.");

1

This is a sales commission case. REI brings the following claims

(1) a declaratory judgment action seeking the Court to declare that the December Letter is not a contract due to lack of consideration and fraud;
(2) a breach of a sales commission contract predicated on a finding that the December Letter is not a contract;
(3) a breach of the implied covenant of good faith and fair dealing; and
(4) *quantum meruit* and unjust enrichment claims involving installation of certain equipment at ZLOOP's facility.

In 2012, ZLOOP was in the process of establishing a wire process and recycling facility for waste electrical and electronic equipment in Hickory, North Carolina. (Doc. 13, at ¶ 13). To aid in the creation of this facility, ZLOOP contacted REI. REI is a corporation that sells, installs, and services various types of waste and recycling equipment. (*Id.* at ¶¶ 2, 11). Specifically, ZLOOP wanted information regarding Electronic Waste Processing Systems ("E-Waste Systems") and Wire Processing Systems. (*Id.* at ¶ 11). REI engaged ERS to learn about the European technology for these types of systems. (*Id.* at ¶ 13). ZLOOP decided to purchase one E-Waste System and one Wire Processing System (collectively, the "Systems") provided by ERS's European contacts. (*Id.* at ¶ 14). REI stepped aside and allowed ZLOOP to contract directly with ERS for the purchase of the Systems because REI "did not consider itself to be as familiar as ERS with the Systems." (*Id.* at ¶ 15). ERS then agreed to pay REI a fifteen percent (15%) commission on all of the Guidetti and KM equipment sold to ZLOOP (the "First Contract"), which amounts to $ 468,000 for the E-Waste System and $167,550 on the Wire Processing System. (*Id.* at ¶ 15). The commission was calculated by ERS after it subtracted what it determined to be non-commissionable items and amounted to approximately 8.6% of the total price of the ERS-ZLOOP purchase contracts. (*Id.* at ¶ 15). REI claims that it and ERS

---

*Phillips v. LCI Intern, Inc.*, 190 F.3d 609, 621-22 (4th Cir. 1999) (considering proxy statement that was at odds with allegations in complaint); *Tinsley v. OneWest Bank, FSB*, 4 F. Supp. 3d 805, 819 (S.D. W. Va. 2014). REI has not disputed the authenticity of these documents and they are integral to the complaint. (*See* Compl., Doc. 13, at ¶¶ 14-15, 17-19, 21, 23-29, 35). Therefore, the Court will consider them under the 12(b)(6) analysis.

understood that the commission would be earned once ZLOOP executed a contract to purchase and that REI would receive a percentage of each payment made under any contract signed. (*Id.* at 16).

On November 12, 2012, ZLOOP and ERS entered into the agreements ("Purchase Contracts") attached as Exhibit A to the Motion to Dismiss. (*Id.* at ¶ 17). ERS gave performance warranties for all of the Systems. (*Id.* at ¶ 18). The Purchase Contracts also provided a schedule for payments and that ERS would supervise installation. (*Id.* at ¶ 19).

REI claims ERS failed to supervise the installation and REI had to supervise and perform labor in order to salvage the deal. (*Id.* at ¶ 21).

On December 27, 2013, Jim Cunningham, managing partner for ERS, sent REI a letter confirming the $468,000 commission owed on the E-Waste system and attempted to renegotiate the commission. ERS then sent REI the December Letter on the thirtieth. The December Letter provided that $202,750 of the remaining $495,550 owed would be paid immediately and the balance of $292,800 would be paid as received from the outstanding balance. (Doc. 15-2). The December Letter stated that the outstanding balance of approximately $732,000 included "the retainage from both projects as well as additional charges for freight, installation labor, exchange rate variances, and additional equipment no [*sic*] included in the contract." (*Id.*) REI signed the December Letter under an "agreed to" caption. (*Id.*). REI claims that that ERS refused to pay any outstanding commission unless REI signed. (Doc. 13, at ¶ 25).

After signing, REI received the $202,750 and has yet to receive any of the balance of $292,800. (*Id.* at ¶ 24). REI claims that the $732,000 figure in the outstanding balance portion of the December Letter was a misrepresentation on the basis of the contents of a January 28, 2014 letter from ERS to ZLOOP. (*Id.* at ¶ 26). On February 10, 2014, counsel for ZLOOP

3

notified ERS of its material default under the Purchase Contracts due to delivery of damaged and used components and failure to deliver other components of the Systems. (*Id.* at ¶ 20). The ZLOOP letter contended that the Systems failed to perform as warranted. (*Id.*)

## **LEGAL STANDARD**

Under a motion to dismiss under 12(b)(6), the Court must accept as true all factual allegations in the pleading and all reasonable inferences must be drawn in the non-movants favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). This requirement applies only to facts, not legal conclusions, however. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A motion filed pursuant to 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a complaint. *Jordan v. Alternatives Res. Corp.*, 458 F.3d 332, 338 (4th Cir. 2006); *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[ ] the[ ] claims across the line from conceivable to plausible." *Twombly*, 500 U.S. at 555, 570; *see Iqbal*, 556 U.S. at 662. While a complaint need not contain detailed factual allegations, the courts require more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Twombly*, 550 U.S. at 555.

Under *Iqbal*, the Court performs a two-step analysis. First, it separates factual allegations from allegations not entitled to the assumption of truth. Second, it determines whether the factual allegations "plausibly suggest an entitlement to relief." 556 U.S. at 681.

This dispute involves allegations of fraud, therefore, Rule 9 must be considered in addition to the case law above analyzing Rule 8. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule

4

9(b) requires that the plaintiff must plead with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *McCauley v. Home Loan Inv. Bank, F.S.B.*, 710 F.3d 551, 559 (4th Cir. 2013) (internal quotation marks omitted).

## ANALYSIS

The crux of ERS's argument is that a novation occurred. According to ERS, the Court should find that the December Letter superseded the First Contract and that the First Contract no longer governs the relations between the parties. Given that the First Contract is no longer the governing instrument, ERS argues, there cannot be a breach of the First Contract. Further, ERS claims that REI lacks standing to sue under any purported breaches of the Purchase Contracts and cannot avoid that by arguing that ERS breached implied duty of good faith and fair dealing. ERS contends that no claim for implied contract between ERS and REI may lie because ZLOOP, and not ERS, benefited from the services REI allegedly performed. The Court will address these arguments in turn.

I. Declaratory Judgment and Novation

ERS claims that it is appropriate at this stage to find that a novation occurred and that the December Letter was supported by consideration and there are not sufficient allegations of fraud. REI claims that "[e]ven if the Commission Contract was support [*sic*] by new consideration and was not procured by fraud . . . whether or not it constitutes a novation of the Commission Contract is question of fact and is not properly determined at the dismissal stage." (Doc. 16, at 12).

Since this case was removed this Court will apply state substantive law and federal procedural law. *See Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996)

5

("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."). North Carolina's Declaratory Judgment Act is procedural and so is the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. Therefore, although originally filed under N.C. Gen. Stat. § 1-253, this cause of action is treated as if it were filed under 28 U.S.C. § 2201. *Chapman v. Clarendon Nat. Ins. Co.*, 299 F. Supp. 2d 559, 562-63 (E.D. Va. 2004) (analyzing Virginia Declaratory Judgment statute); *First Nationwide Mortgage Corp. v. FISI Madison, LLC*, 219 F. Supp. 2d 559, 672 n.1 (D. Md. 2001) (same result under Maryland statute). North Carolina substantive law will continue to govern the underlying claim.

        A.      REI Sufficiently Pled Lack of Consideration

REI claims that the December Letter could not constitute consideration because of the pre-existing duty rule.

Contracts require consideration in order to be enforceable. *Duncan v. Duncan*, 553 S.E.2d 925, 926 (N.C. Ct. App. 2001). "Consideration can be found in benefit to the promisor or detriment to the promisee." *NRC Golf Course, LLC v. JMR Golf, LLC*, 731 S.E.2d 474, 481 (N.C. Ct. App. 2012). "Under the pre-existing duty rule, '"a promise to perform an act which [the] promisor is already bound to perform is insufficient consideration for a promise by the adverse party."' *Midland Fire Prot., Inc. v. Clancy & Theys Const. Co.*, 623 S.E.2d 369 (N.C. Ct. App. 2006) (quoting *Sinclair v. Travis*, 57 S.E.2d 394, 400 (N.C. 1950). "If a return promise is given in return for a promise to perform a pre-existing duty, there is no new consideration, and no new agreement." *Id.* (citation and quotation omitted). If the parties merely extended the time period to perform a duty already owed there is no new consideration. *Anthony Tile & Marble Co., Inc. v. H. L. Coble Const. Co.*, 193 S.E. 2d 338, 341 (N.C. Ct. App. 1972) (extension of several days to procure bond, without more, cannot constitute consideration for a modification).

6

ERS claims that there is consideration for the December Letter as evidenced by (1) the immediate payment of $202,750 in "disputed funds," and (2) "a promise to pay REI the remaining balance owed of $ 289,800.00 out of any future proceeds received from ZLOOP, not just proceeds from the sale of certain equipment." (Doc. 15, at 10).

Nowhere does REI plead that the funds were disputed, therefore dismissal on that basis would be inappropriate. In fact, REI has pled that "[i]t was understood by the parties that REI's commission would be earned once ZLOOP executed a contract to purchase the Systems." (Doc. 13, at ¶ 16). REI has pled that it had performed all of its duties under the First Contract and the only thing remaining was ERS' duty to pay. Payment on an antecedent debt cannot be consideration for alteration of an existing contract. *First American Sav. Bank, F.S.B. v. Adams*, 360 S.E.2d 490, 493 (N.C. Ct. App. 1987). REI has pled there was no change in the amount owed from the First Contract and the December Letter. Therefore, the Court declines to dismiss on ERS's first contention.

ERS's next argument is that the ability to receive non-Purchase Contracts proceeds received from ZLOOP by ERS provides consideration, even though REI was to receive the same amount it was due under the First Contract. The Court believes it is inappropriate to dismiss at this stage. Viewing the facts in the light most favorable to REI, REI states that all funds were owed upon execution of the contract and the December Letter operated as nothing more than an extension of time to pay a debt. In effect, REI has not alleged payment by ZLOOP to be a condition precedent to earning its commission, but rather simply setting the time for payment. Therefore, the Court **DENIES** ERS's Motion to Dismiss for the Declaratory Judgment Action.

B. REI Has Failed to Plead a False Representation

REI claims that the Court should find that there is no false misrepresentation as a matter of law. (Doc. 15, at 11-12).

It is elementary that fraud or misrepresentation is a defense to contract formation and challenges "[t]he validity of the contract." *Byham v. Nat'l Cibo House Corp.*, 143 S.E.2d 225, 232 (N.C. 1965). The elements of fraud in the inducement are "(1) False representation or concealment of material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party." *Media Network, Inc. v. Long Haymes Carr, Inc.*, 678 S.E.2d 671, 685 (N.C. Ct. App. 2009) (quoting *Rowan Cnty Bd. Of Educ. V. U.S. Gypsum Co.*, 418 S.E.2d 648, 658 (N.C. 1992)).

REI has pled that, in the December Letter, "ERS represented that ZLOOP still owed ERS approximately $732,000 under the Purchase Contracts." (Doc. 13, at ¶ 24). REI claims this is the false representation that gives rise to its fraud claim. (Doc. 13, at ¶ 26; Doc. 16, at 11). To prove falsity, REI has pled that in a letter, ERS admitted that $ 5,594,040 had been paid out of the total of $6,215,600 purchase price. (Doc. 13, at ¶ 26). This would result in $313,360 being owed under the Purchase Contracts and not $732,000. (*Id.* at ¶ 27). The problem with this analysis is REI's contention that the December Letter stated that $732,000 was owed under the Purchase Contracts. Rather, the December Letter stated that the $732,000 "includes the retainage from both projects as well as additional charges for freight, installation labor, exchange rate variances, and additional equipment not included in the contract." (Doc. 15-2). "When a document is properly considered in the context of a motion to dismiss and it conflicts with the bare allegations of the complaint, the document prevails." *Tinsley v. OneWest Bank, FSB*, 4 F.

8

Supp. 3d 805, 819 (S.D. W. Va. 2014). Therefore, Plaintiff has failed to proffer a false representation and has not appropriately pled fraud.

II.     Breach of Contract Cause of Action

Defendant ERS's motion to dismiss REI's contract is **DENIED** because it is predicated on a finding that the December Letter is the governing agreement between the parties. Given that Plaintiff has brought plausible allegations that may negate the existence of the December Letter as having the import ERS claims, the Court declines to dismiss the breach of contract action. Therefore, Plaintiff's cause of action for breach of the First Contract remains viable at this stage of the proceeding.

III.    Breach of Duty of Good Faith and Fair Dealing

"All parties to a contract must act upon principles of good faith and fair dealing to accomplish the purpose of an agreement, and therefore each has a duty to adhere to the presuppositions of the contract for meeting this purpose." *Maglione v. Aegis Family Health Centers*, 607 S.E.2d 286, 291 (N.C. Ct. App. 2005). The duty of good faith and fair dealing is implied into contracts to "effect the intention of the parties." *Id.* (quoting *Lane v. Scarborough*, 200 S.E.2d 622, 624 (N.C. 1974)). The implied covenant of good faith and fair dealing is a part of every contract and is breached where one party to a contract does something that "injures the right of the other to receive the benefits of the agreement." *Governors Club, Inc. v. Governors Club Ltd. P'ship*, 152 N.C. App. 240, 251, 567 S.E.2d 781, 789 (2002) *aff'd,* 357 N.C. 46, 577 S.E.2d 620 (2003) (citing *Bicycle Transit Authority v. Bell¸* 314 N.C. 219, 228, 333 S.E.2d 299, 305 (1985)). "Where the claim for breach of good faith is 'part and parcel' of a similar claim for breach of an express term of the contract claim, that claim will rise and fall with the other breach of contract claim." *Rezapour v. Earthlog Equity Group, Inc.*, 5:12-CV-105, 2013 WL 3326026

9

at *4 (W.D.N.C. July 1, 2013) (quoting *Lord of Shalford v. Shelley's Jewelry, Inc.*, 127 F. Supp. 2d 779, 787 (W.D.N.C. 2000). "The duty of good faith provides the missing terms of the agreement that necessarily flow from the parties' intentions, thus allowing enforcement of the contract." *Id.*

In this claim, REI alleges that ERS breached the duty of good faith and fair dealing by failing to perform according to the Purchase Contracts to the detriment of REI. (Doc. 13, at ¶ 53). The date on which REI would receive its already earned commissions was tied to ERS's performance of the Purchase Contracts. However, according to the allegations, there was no express term requiring ERS to perform under the Purchase Contracts in good faith.[2] REI also alleges that ERS breached this implied covenant by failing to pay the full commission until it received funds from ZLOOP. (*Id.*). Accordingly, ERS has sufficiently pled a cause of action for breach of the duty of good faith and fair dealing.

IV.   Unjust Enrichment and Quantum Meruit

"*Quantum meruit* 'operates as an equitable remedy based upon a quasi contract or a contract implied in law' which provides 'a measure of recovery for the reasonable value of services rendered in order to prevent unjust enrichment.'" *Ron Medlin Const. v. Harris*, 704 S.E.2d 486, 489 (N.C. 2010) (quoting *Paul L. Whitfield, P.A. v. Gilchrist*, 497 S.E.2d 412, 414-15 (N.C. 1988)). "*Quantum meruit* is not an appropriate remedy when there is an actual agreement between the parties because "an express contract precludes an implied contract with reference to the same matter." *Id.* (citations and quotations omitted).

To recover in *quantum meruit*, a plaintiff must show that "that it conferred a benefit on another party, that the other party consciously accepted the benefit, and that the benefit was not

---

[2] ERS claims that REI lacks standing under the ERS-ZLOOP agreement and therefore may not sue under that agreement. The Court need not address that argument because whether or not REI lacks standing is independent of the issue of whether ERS had a separate implied duty held to REI in the REI-ERS agreement.

conferred gratuitously or by an interference in the affairs of the other party." *Southeastern Shelter Corp. v. BTU, Inc.*, 572 S.E.2d 200, 206 (N.C. Ct. App. 2002) (quoting *Booe v. Shadrick*, 369 S.E.2d 554, 556 (N.C. 1988)).

Under 12(b)(6), ERS only challenges whether it benefitted from the services provided by REI. (Doc. 16, at 15). Its main contention is that that the Purchase Contracts require ZLOOP to pay for installation. (*Id.*). However, ERS was required to provide for supervision of the installation. (Doc. 15-1, at 3 ¶ 5; 23 ¶ 5). Therefore, REI has plausibly stated a claim that it conferred a benefit upon ERS. Accordingly, ERS's motion is **DENIED** for the purposes of this claim.

**IT IS, THEREFORE, ORDERED THAT** E Recycling Systems, LLC's Motion to Dismiss (Doc. 14) is **DENIED** as to all counts. However, Recycling Equipment, Inc. has not sufficiently pled fraud as a basis for relief in its Declaratory Judgment Action.

Signed: December 9, 2014

Richard L. Voorhees
United States District Judge