**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NOS. 5:14-CV-87**

| | |
|---|---|
| ZLOOP, INC., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| E RECYCLING SYSTEMS, LLC, AND | ) |
| JAMES CUNNINGHAM, A/KA/ JIM | ) |
| CUNNINGHAM , | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**BEFORE THE COURT** is its own motion to consolidate cases 5-14-cv-87 and 5:14-cv-56 pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Rule 42(a) states that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." District courts have broad discretion under Rule 42(a) to consolidate cases pending in the same district. *See A/S Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977). After reading the pleadings, it is apparent that Recycling Equipment, Inc., E Recycling Systems, LLC, James Cunningham, and Zloop, Inc. all played a role in the purchase of certain recycling equipment sold by E Recycling Systems, LLC to Zloop, Inc. This common transaction is the basis of both suits.

In the Fourth Circuit, the relevant factors for a district court to consider in deciding whether to consolidate are:

> (1) whether the risk of inconsistent adjudications of common factual and legal issues outweigh the specific risks of prejudice and possible confusion;
> (2) the relative burden on the parties;
> (3) witnesses and available judicial resources posed by multiple lawsuits;

(4) the length of time required to conclude multiple suits as against a single one; and,
(5) the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. Eastern Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir.1982) (citing 9 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2383 (1971)).

After reviewing the above factors, the Court finds that consolidation is appropriate. However, the Court leaves open the possibility of separate trials. Fed. R. Civ. P. 42(b).

The Court finds a low risk of confusion and possible prejudice. However, the Court is willing to reconsider the issue after discovery has been completed. Neither party has reached the discovery stage. The Court anticipates that the E Recycling Systems and James Cunningham may file a Rule 12(c) motion. This may delay Recycling Equipment, Inc.'s opportunity to begin discovery. However, any delay Recycling Equipment, Inc. may suffer is outweighed by the efficiency that would be gained by the consolidation. The Court anticipates a large overlap in the discovery process. Accordingly, the Court finds that all parties will be advantaged by conducting discovery in a tripartite manner.

**IT IS, THEREFORE, ORDERED THAT**

(1) Case No. 5-14-cv-87 is to be **CONSOLIDATED** with 5:14-cv-56 for the purposes of discovery;
(2) All parties shall begin discovery at the same time and shall submit a consolidated discovery plan;
(3) The Court **RESERVES** the decision of whether to conduct a joint trial after the completion of discovery in the two cases.

Signed: December 9, 2014

Richard L. Voorhees
United States District Judge