RECYCLING EQUIPMENT
INCORPORATED.**,**      )
              )
              )
     **Plaintiff,**     )
              )
  **v.**          )    **ORDER**
              )
E RECYCLING SYSTEMS, LLC**,**   )
              )
              )
     **Defendant.**    )
_____ )
              )
ZLOOP, INC.         )
              )
     **Plaintiff**,     )
              )
  **v.**          )
              )
E RECYCLING SYSTEMS, LLC AND  )
JAMES CUNNINGHAM     )
              )
     **Defendants**    )
              )
_____ )
              )
E RECYCLING SYSTEMS,    )
              )
     **Counterclaim-Plaintiff,** )
              )
              )
              )
  **v.**          )
              )
ROBERT BOSTON, ROBERT LABARGE )
              )
     **Counterclaim-Defendants,** )
_____ )

**BEFORE THE COURT** is Robert Boston and Robert Labarge's Motion to Dismiss (Doc. 34) and Motion to Strike (Doc. 48).  The procedural history is relevant and somewhat complicated, therefore, it will be discussed in some detail.

In early April 2014, Recycling Equipment Incorporated ("REI") instituted an action in the General Court of Justice, Superior Court Division, of Catawba County, North Carolina against Defendant E Recycling Systems, LLC ("ERS").  Thereafter, ERS removed the action to this Court on April 25, 2014.  (Doc. 1).  The case number is 5:14-cv-56.  (referred to as the '56 case).  On June 9, 2014, REI amended its complaint against ERS.  (Doc. 13).  ERS filed a motion to dismiss the first amended complaint which the Court denied on December 9, 2014.  (Doc. 18).

On May 30, 2014, Zloop, Inc. ("Zloop") filed an action as Plaintiff against ERS and James Cunningham.  (*See* 5:14-cv-00087, Doc. 1) (referred to as the '87 case).  Thereafter, ERS and Cunningham filed a motion to dismiss.  On December 9, 2014, this Court denied ERS' and Cunningham's motion to dismiss.  (5:14-cv-87, Doc. 22).

The Court then consolidated 5:14-cv-87 with 5:14-cv-56 for efficiency purposes.

ERS answered the '56 complaint on December 23, 2014. (Doc. 20).  ERS included a counterclaim against REI in its answer.  (*Id.*).

ERS and Cunningham answered the '87 complaint on December 23, 2014.  (Doc. 21).  ERS asserted a counterclaim against ZLOOP and against non-parties Robert Boston and Robert LaBarge.  (*Id.*).[1]  On August 3, 2015, Boston and LaBarge then filed a motion to dismiss under 12(b)(6) against ERS' counterclaims.  (Doc. 34).

---

[1]The parties dispute how to characterize the claim ERS brings against Boston and LaBarge.  Although Boston and LaBarge were new parties, they are not third-party defendants because neither is a person "who is or may be liable to [ERS] for all or part of the claim [ZLOOP asserted] against [ERS]."  Fed. R. Civ. Pro. 14(a)(1); *see also* Wright, Miller, & Kane, *Joinder of Additional Parties – In General*, 6 Fed. Prac. & Pro. Civ. § 1434 (3d ed. 2015); *Stonecrest Partners, LLC v. Bank of Hampton Roads*, No. 7:10-CV-63-FL, 2011 WL 3664412, at *2 (E.D.N.C. Aug. 18, 2011).  Rule 13 states that Rules 19 and 20 govern joining additional parties to a counterclaim.  Fed. R.

On August 6, 2015, REI and ERS jointly moved for dismissal of all claims asserted by and between them because they amicably resolved their disputes. (Doc. 36). On the same day, ERS moved for a dismissal of claims asserted against ZLOOP in Counts 5 and 6 of its counterclaim asserted in the '87 action. (Doc. 37). Again, on August 6, this Court inquired, by text order, whether or not ERS wanted to dismiss its counterclaims against Boston and LaBarge because it wanted to ascertain whether or not the entirety of the '87 action was dismissed. ERS responded by indicating that it still wanted to maintain its counterclaims against Boston and LaBarge. (Doc. 38). Accordingly, by text-only orders dated August 11 and 18, this Court allowed dismissal of the ERS-REI claims, allowed ERS to maintain its claims against Boston and LaBarge, and allowed ERS to dismiss Counts 5 and 6 of its counterclaim against ZLOOP.[2]

On August 11, 2015, ZLOOP filed a document evidencing that it filed bankruptcy and that the automatic stay should apply.

Meanwhile, Boston and LaBarge's motion to dismiss was still pending. On August 13, ERS moved for a ten day extension of time to file a response to the motion to dismiss, noting the hectic procedural posture. (Doc. 41). Magistrate Judge Cayer granted the motion and the time for filing a response was set for August 31, 2015. (Doc. 42).

On August 31, 2015, ERS filed amended counterclaims and a response indicating that the amendment mooted the motion to dismiss. (Docs. 43, 44). In Boston and Labarge's reply and related motion to strike (Docs. 47-48) they argue that ERS filed its amendment too late.

---

Civ. P. 13(h). Rule 19 is inapplicable in this case because there is no indication that Boston or LaBarge were required to be joined. Rule 20 is applicable because a defendant may join a non-party to a counterclaim where the counter-claim "aris[es] out of the same transaction, occurrence, or series of transaction or occurrences" and where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The Advisory Committee notes specifically state that "the party pleading the claim is to be regarded as a plaintiff and the additional parties as plaintiff or defendants as the case may be." Fed. R. Civ. P. 13, adv. comm. n.

[2] The Court notes that the text-only order on August 18 should not have used the term "third-party defendants."

Rule 15 states that a party may amend its pleading once as a matter of course within 21 days after a motion to dismiss or a responsive pleading is filed. Fed. R. Civ. P. 15(a)(1)(B). All other amendments must be approved by the court or consented to by the opposition. "The Court should freely give leave when justice so requires." *Id.* The motion to dismiss, as stated above, was filed on August 3. Therefore, the amendment was outside of the twenty-one day period contemplated by Rule 15(a)(1)(B), unless the Motion for Extension of Time somehow changed this calculation. Regardless, the Court will excuse the late filing by granting the motion to amend. The Court will also excuse any non-compliance with the Local Rules of Civil Procedure. It is clear that during the month of August counsel for ERS has simplified this matter by working with their counter-parts in ZLOOP and REI. The Court finds that there is no indication that ERS has moved to amend for an improper purpose.

Given the following, the Court finds that Boston and Labarge's Motion to Dismiss (Doc. 34) is **MOOT** and **DENIES** Boston and Labarge's Motion to Strike (Doc. 48). Given the procedural posture, Boston and Labarge may bring a motion to dismiss the amended counterclaims. If they choose to so move, counsel should fully set forth their argument in the supporting memoranda and should not incorporate by reference arguments made in the prior memoranda.

The Court also wants to ensure that it has subject matter jurisdiction over the instant matter. ERS contends that the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) by stating that Boston and LaBarge are citizens of North Carolina and that ERS is a LLC organized under the laws of Alabama with its principal office in Atlanta, Georgia. (Doc. 43, at 1-2). The citizenship of an LLC for subject matter jurisdiction purposes is the citizenship of its

members.  *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *see*

*D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 127 (1st Cir. 2011).

Accordingly, this Court **ORDERS** ERS to file documents and/or memoranda showing

that it has no members who reside in North Carolina.  An affidavit will suffice.  ERS shall file

this within fourteen (14) days of this Order.

**SO ORDERED.**

Signed: February 8, 2016

Richard L. Voorhees
United States District Judge