# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:14-cv-00056-RLV-DSC

| | |
|---|---|
| ZLOOP, INC., )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>E RECYCLING SYSTEMS, LLC, )<br>and JAMES CUNNINGHAM, )<br>)<br>    Defendants, Counter- )<br>        Plaintiffs, )<br>)<br>    v. )<br>)<br>ZLOOP, INC., )<br>    Counter-Defendant. )<br>_____) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on the "Consent Motion for Order of Dismissal without Prejudice" filed by Zloop, Inc. ("Zloop"); James Cunningham ("Cunningham"); and E Recycling Systems, LLC ("ERS") (collectively, the "Parties"). (Doc. 75). The Parties seek an order of voluntary dismissal of all claims and counter-claims by Zloop, Cunningham, and ERS, without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (*Id*.). The Parties' Memorandum in support of the Consent Motion states that "the Plaintiffs and Defendants seek from this Court a voluntary dismissal of the pending action." (Doc. 75-1 at 1). Also pending before the Court is Zloop's "Motion to Join Parties and Claims, to Remand to State Court or in the Alternative Implead Necessary Parties, Align Parties and Remand, or in the Alternative Dismiss without Prejudice to Allow Refiling in State Court" ("Remand Motion"). (Doc. 59.) The Court will **GRANT** the Parties' Consent Motion and **DENY** Zloop's Remand Motion as moot.

Rule 41(a) of the Federal Rules of Civil Procedure governs voluntary dismissals. Under Rule 41(a)(1), a plaintiff may voluntarily dismiss an action without court approval by filing (1) a notice of dismissal before the opposing party has served either an answer or a motion for summary judgment or (2) a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(i), (ii). The Parties have elected not to dismiss by stipulation under Rule 41(a)(1)(A)(ii) but seek a court order under Rule 41(a)(2). (Doc. 75).

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Under Rule 41(a)(2), a court is empowered to exercise discretion over voluntary dismissals. *GO Computer, Inc. v. Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007). "The purpose of Rule 41(a)(2) is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

The Parties request an order dismissing all their claims and counter-claims in this action, with each party to bear its own costs and fees.[1] (Docs. 75; 75-1 at 2). The Parties represent that in light of ongoing litigation in other jurisdictions, they have determined that proceedings in this action are no longer warranted and that "[a]lthough all defendants have filed answers and there have been motions which consolidated this matter, no dispositive motions have been filed regarding the remaining causes of action in this case." (Doc. 75-1 at 1-2).

The Court finds that no party will be unfairly prejudiced and grants the Consent Motion to dismiss this case, which includes dismissal of all claims and counter-claims by Zloop, Cunningham, and ERS. A dismissal under Rule 41(a)(2), by its express language, is without

---

[1] Claims by and between ERS and Recycling Equipment, Inc. were dismissed by this Court's text order dated August 11, 2015, granting their Joint Motion for Voluntary Dismissal (Doc. 36). ERS voluntarily dismissed counter-defendants Robert Boston and Robert LaBarge on March 9, 2016, pursuant to Rule 41(a)(1)(A)(i). (Doc. 57).

prejudice unless the order states otherwise. The Court, however, will specify that the dismissal here is without prejudice, as the Parties request.

As Zloop, ERS, and Cunningham seek an order dismissing all their claims and counter-claims in this action and the Court grants that request, Zloop's Remand Motion (Doc. 59) will be denied as moot.

**IT IS, THEREFORE, ORDERED THAT**

(1) The Consent Motion for Order of Dismissal without Prejudice (Doc. 75) is **GRANTED**, and this case is hereby **DISMISSED WITHOUT PREJUDICE**, with each party to bear its own costs and fees; and

(2) Zloop, Inc.'s Remand Motion (Doc. 59) is **DENIED AS MOOT**.

Signed: June 30, 2017

Richard L. Voorhees
United States District Judge